## DAVID WILLIAMS v. JAMES CANNON.

Court of Common Pleas. April 28, 1801.

*Wilson's Red Book, 355.*\*

*Ridgely, Hall* and *Vining* for plaintiff. *Bayard* and *Wilson* for defendant.

Plaintiff's counsel offered the depositions of John Postly, Edward Henry, and Isaac Evans taken before Josiah Mitchell, Esquire. They proved by Smith Lingo a verbal notice to defendant of the day of taking the depositions in proper time before the taking—defendant did not attend. The rule for taking depositions appears on the docket in these words: *viz*, "Rule to take depositions in this cause before Josiah Mitchell, Esq., of Worcester County in the State of Maryland, *ex parte* rule on five days notice."

*Bayard* objected to the depositions for want of legal notice. The notice should have been in writing; verbal notice is not sufficient, it is liable to too much uncertainty. A mistake or want of accurate recollection in the plaintiff, defendant, or witness defeats us of an opportunity to attend. How can the Court decide on the propriety of the notice unless it was in writing? The notice of executing a writ of inquiry must be in writing, Tidd Pr.

\* This case is also reported in *Rodney's Notes*, April, 1801.

172.[1] It is fatal though it mention the day, if it say *by* such an hour, 2 Str. 1142. It should say at such an hour or between such and such hours, Barnes 295, 302. Notice to arbitrators must be in writing. This proceeding is borrowed from courts of chancery, where they have forms for such notices, Hinde Ch.Pr. 334. In that court it must show the title of the cause, the time and place of the taking the depositions and be signed by the commissioners, Hinde Ch.Pr. 334. In the courts at Westminster, when such a rule is made by consent a written notice is delivered with a copy of the interrogatories to the opposite attorney. In this state, at least, it is proper that a copy of the rule for taking depositions be served with the written notice.

*Ridgely.* The rule, the proper execution of which has been objected to, was not made by the Court under the provision in the Constitution, for it was not to be on interrogatories, and therefore is not to be governed by the rules of practice in general cases. This rule was made by consent. It is entirely a matter of agreement, and when entered into no other notice was meant or expected than that which has been proved to have been given. At all events, this is an objection not known in our practice, and being a case of a new impression the Court will not exact what none of the parties could have expected.

*Bayard.* These depositions going only to the plaintiff's character, which is not drawn in question by this issue, are of small importance; but the rule we contend for is of vast importance. Depositions are often taken to establish or destroy titles to extensive property; and as they may be taken in this state without consent, it is certainly necessary that the Court should keep a tight rein over them. Depositions are greatly affected by the attendance of the party, which may easily be defeated by a defective notice. Although this rule was made by agreement, and the Constitution says nothing about notice, the form of the notice is not dispensed with; the rule means upon legal notice. Notice of the day is not legal notice, because of the inconvenience of being obliged to wait the day out; the hour should be expressed. Notice of meeting before referees must be in writing. A summons to creditors must be shown and a label or extract given in writing. In all cases, legal notice is written notice.

PER CURIAM. BOOTH, C. J. In cases of this sort it is of great importance that there should be notice, and written is most proper; but we are unwilling to apply so strict a rule to this case,

---

[1] The subsequent citations in this paragraph appear as footnotes in the manuscript.

as we think the practice has been lax. As verbal notices have been heretofore admitted in practice without objection, we will let this paper be read to the jury. But we now give the gentlemen of the Bar notice "that hereafter we will in every case exact a written notice," unless it is dispensed with by the opposite party.